UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

LISA BENSON,
MARILYN McAFEE, and
JENNIFER RAMSEY,

    Plaintiffs,                                           CASE NO.:

vs.

STATTUS TECHNOLOGY, INC.,
a Florida Profit Corporation,

    Defendant.
_____/

## COMPLAINT

COME NOW the Plaintiffs, LISA BENSON (hereinafter "BENSON"), MARILYN McAFEE (hereinafter "McAFEE"), and JENNIFER RAMSEY (hereinafter "RAMSEY" and collectively referred to as "Plaintiffs"), by and through the undersigned Counsel, and sue the Defendant, STATTUS TECHNOLOGY, INC. (hereinafter "STATTUS"), pursuant to the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §§ 201 et seq., and allege the following:

### JURISDICTION AND VENUE

1.    This Court is vested with federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2.    Venue lies within the Southern District of Florida, West Palm Beach Division, pursuant to 28 U.S.C. § 1391(b), because all actions giving rise to this claim arose in this Judicial Circuit.

## PARTIES

3. At all times material hereto, BENSON was a resident of Palm Beach County, Florida, and was an "employee" of STATTUS as defined by the FLSA.

4. At all times material hereto, McAFEE was a resident of Erie County, New York, and was an "employee" of STATTUS as defined by the FLSA.

5. At all times material hereto, RAMSEY was a resident of Palm Beach County, Florida, and was an "employee" of STATTUS as defined by the FLSA.

6. At all times material hereto, STATTUS was duly authorized and licensed to do business in Palm Beach County, Florida, wherein it provided and continues to provide roof systems and related products for outdoor spaces to residents and businesses throughout the county, with annual gross sales and/or business volume of $500,000 or more. STATTUS was Plaintiffs' "employer" as defined by the FLSA.

## GENERAL ALLEGATIONS

7. STATTUS was Plaintiffs' employer such that Plaintiffs were economically dependent upon STATTUS for their livelihoods.

8. Plaintiffs could not refuse work offered by STATTUS.

9. STATTUS regularly did not properly record Plaintiffs' work hours on a workweek basis.

10. STATTUS did not include all of the hours worked and submitted by Plaintiffs in Plaintiffs' timesheets and paychecks on a workweek basis.

11. STATTUS did not pay Plaintiffs their agreed upon salaries pursuant to the offer letters provided by STATTUS to Plaintiffs.

12. STATTUS also did not pay Plaintiffs BENSON and RAMSEY their entitled overtime wages.

13. STATTUS was, and still is, required to compensate Plaintiffs at a rate of time and one-half times their regular rates of pay for each and every hour worked over their scheduled forty-hour workweeks.

14. STATTUS knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation to Plaintiffs.

15. STATTUS has acted willfully in failing to pay Plaintiffs in accordance with the law.

16. STATTUS failed to maintain proper time records as mandated by law.

17. STATTUS is required to compensate Plaintiffs for all unpaid wages, including unpaid overtime wages.

18. STATTUS is additionally required to compensate Plaintiffs for any outstanding corporate finances.

19. Pursuant to 29 U.S.C. § 216(b), Plaintiffs are also entitled to liquidated damages.

## FACTUAL ALLEGATIONS AS TO BENSON

20. Plaintiff BENSON earned an annual salary in exchange for work performed as a Sales and Operations Manager for STATTUS from on or about December 18, 2017 through on or about April 25, 2019.

21. Throughout her employment with STATTUS, BENSON regularly worked in excess of forty (40) hours per week.

22. BENSON did not have the ability to negotiate her rate(s) of pay.

23. BENSON did not negotiate her rate(s) of pay.

24. BENSON's rate(s) of pay was/were preset by STATTUS at a salary of $36,000 per annum, or an hourly rate of $17.31.

25. BENSON regularly communicated with STATTUS during the performance of her duties each day.

26. BENSON was economically dependent upon STATTUS for her livelihood.

27. BENSON could not refuse work offered by STATTUS.

28. STATTUS did not properly record BENSON's work hours on a workweek basis.

29. STATTUS classified BENSON as an employee for a period of the time she worked with the company.

30. STATTUS classified BENSON as an independent contractor for the majority of BENSON's hours worked to avoid paying the required employment taxes as well as additional overtime compensation.

31. STATTUS was at all times aware of the hours worked by BENSON on a daily and weekly basis, as BENSON consistently communicated with her superiors in person, via telephone, email and text message as well as and provided call logs which collectively clearly document the hours worked by BENSON.

32. STATTUS did not collectively include all of the hours worked and submitted by BENSON on a workweek basis.

33. Specifically, for the period from on or about December 18, 2017 through on or about April 25, 2019, BENSON worked a total of 69 weeks and a total of 5,233.00 hours. ***See attached Exhibit A.***

34. Pursuant to BENSON's Offer of Employment, STATTUS had agreed to pay BENSON a salary for $36,000 per annum.

35. Instead, STATTUS paid BENSON only for a portion of her salary which was promised pursuant to its offer letter. Specifically, STATTUS paid BENSON $16,961.41 in 2018 and $7,976.85 in 2019, resulting in a total outstanding pay balance of $22,830.84 left unpaid to BENSON.

36. Additionally, STATTUS did not pay BENSON for any of her work done in excess of her scheduled forty (40) hours per week.

37. Despite working more than forty (40) hours per week during one or more workweeks, STATTUS failed to pay BENSON overtime compensation at a rate of time and one-half times her regular rate of pay for each and every hour worked over forty (40) in a workweek, contrary to § 207(a) of the FLSA.

38. Specifically, BENSON worked a total of 5,233.00 hours in her 69 weeks of employment with STATTUS. If BENSON had worked only a 40 hour work week during this time period, she would have worked 2,760 hours in her 69 weeks of employment with STATTUS.

39. STATTUS was, and still is, required to compensate BENSON at a rate of time and one-half times her regular rate of pay, or $25.96, for each and every hour worked over her scheduled forty-hour workweeks, or 2,473 hours.

40. Accordingly, STATTUS is required to compensate BENSON at a total gross overtime pay of $64,199.08

41. STATTUS knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation to BENSON.

42. STATTUS did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, et seq., (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

43. STATTUS has acted willfully in failing to pay BENSON in accordance with the law.

44. STATTUS failed to maintain proper time records as mandated by law.

45. Specifically, STATTUS is required to compensate BENSON for all unpaid wages, including unpaid overtime wages, at a total gross pay of $87,029.92.

46. Pursuant to 29 U.S.C. § 216(b), BENSON is entitled to an additional $87,029.92 in liquidated damages.

## FACTUAL ALLEGATIONS AS TO McAFEE

47. Plaintiff McAFEE earned an annual salary in exchange for work performed as a Bookkeeper for STATTUS from on or about August 17, 2017 through on or about January 10, 2018.

48. McAFEE did not have the ability to negotiate her rate(s) of pay.

49. McAFEE did not negotiate her rate(s) of pay.

50. McAFEE's rate(s) of pay was/were preset by STATTUS at a salary of $20,800 per annum, or $400 per week.

51. McAFEE regularly communicated with STATTUS during the performance of her duties each day.

52. McAFEE was economically dependent upon STATTUS for her livelihood.

53. McAFEE could not refuse work offered by STATTUS.

54. STATTUS classified McAFEE as an employee while she worked with the company.

55. Specifically, for the period from on or about August 17, 2017 through on or about January 10, 2018, McAFEE worked a total of twenty (20) weeks. ***See attached Exhibit B.***

56. From the twenty (20) weeks that McAFEE worked, STATTUS only compensated McAFEE for seven (7) of her workweeks.

57. STATTUS did not/has not paid McAFEE what she is entitled for her work with respect to the following week ending payroll dates: August 30, 2017; September 6, 2017; September 13, 2017; September 20, 2017; September 27, 2017; October 4, 2017; November 29, 2017; December 6, 2017; December 13, 2017; December 20, 2017; December 27, 2017; January 3, 2018; and January 10, 2018.

58. From these payroll dates, STATTUS owes a total outstanding pay balance of $5,200.00 to McAFEE.

59. On January 5, 2018, STATTUS paid McAFEE $500.00 of her $5,200.00 in unpaid wages. STATTUS still owes a total outstanding pay balance of $4,700.00 left unpaid to McAFEE.

60. Moreover, STATTUS is additionally required to compensate McAFEE for her outstanding corporate finances for travel expenses which were never reimbursed.

61. Specifically, STATTUS is required to compensate McAFEE at a total of $1,430.00 in corporate finances.

62. Accordingly, McAFEE is owed a combined total of $6,130.00.

63. Pursuant to 29 U.S.C. § 216(b), McAFEE is entitled to an additional $6,130.00 in liquidated damages.

## FACTUAL ALLEGATIONS AS TO RAMSEY

64. Plaintiff RAMSEY earned an annual salary in exchange for work performed as a Director of Operations for STATTUS from on or about August 2, 2017 through on or about December 31, 2017.

65. Throughout her employment with STATTUS, RAMSEY regularly worked in excess of forty (40) hours per week. Specifically, RAMSEY regularly worked an additional twenty (20) hours of work each week.

66. RAMSEY did not have the ability to negotiate her rate(s) of pay.

67. RAMSEY did not negotiate her rate(s) of pay.

68. RAMSEY's rate(s) of pay was/were preset by STATTUS at a salary of $48,799.92, or an hourly rate of $23.46 for an ordinary forty (40) hour per week schedule.

69. RAMSEY regularly communicated with STATTUS during the performance of her duties each day.

70. RAMSEY was economically dependent upon STATTUS for her livelihood.

71. RAMSEY could not refuse work offered by STATTUS.

72. STATTUS did not properly record RAMSEY's work hours on a workweek basis.

73. STATTUS classified RAMSEY as an employee while she worked with the company.

74. STATTUS was at all times aware of the hours worked by RAMSEY on a daily and weekly basis, as RAMSEY consistently communicated with her superiors in person, via telephone, email and text message as well as and provided call logs which collectively clearly document the hours worked by RAMSEY.

75. STATTUS did not collectively include all of the hours worked and submitted by RAMSEY on a workweek basis.

76. Specifically, for the period from on or about August 2, 2017 through on or about December 31, 2017, RAMSEY worked a total of twenty-two (22) weeks. ***See attached Exhibit C.***

77. From the twenty-two (22) weeks that RAMSEY worked, STATTUS only compensated RAMSEY for seven (7) of her workweeks.

78. STATTUS did not/has not paid RAMSEY what she is entitled for her work with respect to the following week ending payroll dates: August 2, 2017; August 9, 2017; August 16, 2017; August 23, 2017; August 30, 2017; September 6, 2017; September 13, 2017; September 20, 2017; September 27, 2017; October 4, 2017; November 29, 2017; December 6, 2017; December 13, 2017; December 20, 2017; and December 27, 2017.

79. From these payroll dates, STATTUS owes a total outstanding pay balance of $14,076.90 to RAMSEY. ***See attached Exhibit C.***

80. Additionally, STATTUS did not pay RAMSEY for any of her work done in excess of her scheduled forty (40) hours per week.

81. Despite working more than forty (40) hours per week during one or more workweeks, STATTUS failed to pay RAMSEY overtime compensation at a rate of time and one-half times her regular rate of pay for each and every hour worked over forty (40) in a workweek, contrary to § 207(a) of the FLSA.

82. Specifically, RAMSEY worked an additional twenty (20) hours per week during her employment with STATTUS for the following unpaid week ending payroll dates: August 2, 2017; August 9, 2017; August 16, 2017; August 23, 2017; August 30, 2017; September 6, 2017; September 13, 2017; September 20, 2017; September 27, 2017; October 4, 2017; November 29, 2017; December 6, 2017; December 13, 2017; December 20, 2017; and December 27, 2017. ***See attached Exhibit C.***

83. STATTUS was, and still is, required to compensate RAMSEY at a rate of time and one-half times her regular rate of pay, or $35.19, for each and every hour worked over her scheduled forty-hour workweeks, or 300 hours.

84. Accordingly, STATTUS is required to compensate RAMSEY at a total gross overtime pay of $10,557.68.

85. STATTUS knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation to RAMSEY.

86. STATTUS did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, et seq., (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

87. STATTUS has acted willfully in failing to pay RAMSEY in accordance with the law.

88. STATTUS failed to maintain proper time records as mandated by law.

89. Specifically, STATTUS is required to compensate RAMSEY for all unpaid wages, including unpaid overtime wages, at a total gross pay of $24,654.58.

90. Moreover, STATTUS is additionally required to compensate RAMSEY for her outstanding corporate finances for expenditures placed on RAMSEY personal credit card on behalf of STATTUS.

91. Specifically, STATTUS is required to compensate RAMSEY at a total gross pay of $9,000.00 in corporate finances.

92. Accordingly, RAMSEY is owed a combined total of $33,654.58.

93. Pursuant to 29 U.S.C. § 216(b), RAMSEY is entitled to an additional $33,654.58 in liquidated damages

## COUNT I – VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA") FOR OVERTIME DUE UNDER THE FLSA – BENSON

94. Plaintiff BENSON realleges and incorporates the allegations in paragraphs 1 through 3 and 6 through 46 above as if fully set forth herein.

95. At all relevant times, STATTUS employed BENSON within the meaning of the FLSA.

96. During BENSON's employment with STATTUS, and at all times relevant to this action, BENSON regularly worked overtime hours but was not paid time and one-half compensation for same.

97. BENSON is entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

98. STATTUS's failure to pay BENSON overtime compensation at a rate not less than one and one-half times the rate at which she was employed for work performed beyond the forty (40) hour workweek, is a violation of the FLSA, in particular 29 U.S.C. §§ 206 and 207.

99. STATTUS's actions as alleged in this complaint have been willful and intentional. STATTUS has not made a good faith effort to comply with the FLSA with respect to the compensation of BENSON.

100. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

101. Due to STATTUS's FLSA violations, BENSON alleges she has suffered damages and is entitled to recover from STATTUS the unpaid overtime compensation, and an additional amount equal as liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## COUNT II – VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA") FOR OVERTIME DUE UNDER THE FLSA – RAMSEY

102. Plaintiff RAMSEY realleges and incorporates the allegations in paragraphs 1, 2, 5 through 19, and 64 through 93 above as if fully set forth herein.

103. At all relevant times, STATTUS employed RAMSEY within the meaning of the FLSA.

104. During RAMSEY's employment with STATTUS, and at all times relevant to this action, RAMSEY regularly worked overtime hours but was not paid time and one-half compensation for same.

105. RAMSEY is entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

106. STATTUS's failure to pay RAMSEY overtime compensation at a rate not less than one and one-half times the rate at which she was employed for work performed beyond the forty (40) hour workweek, is a violation of the FLSA, in particular 29 U.S.C. §§ 206 and 207.

107. STATTUS's actions as alleged in this complaint have been willful and intentional. STATTUS has not made a good faith effort to comply with the FLSA with respect to the compensation of RAMSEY.

108. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

109. Due to STATTUS's FLSA violations, RAMSEY alleges she has suffered damages and is entitled to recover from STATTUS the unpaid overtime compensation, and an additional amount equal as liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216

## COUNT III – VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA") FOR UNPAID MINIMUM WAGES UNDER THE FLSA – BENSON

110. Plaintiff BENSON realleges and incorporates the allegations in 1 through 3 and 6 through 46 above as if fully set forth herein.

111. At all relevant times, STATTUS employed BENSON within the meaning of the FLSA.

112. Pursuant to her offer letter, BENSON was entitled to a salary of $36,000 per annum. See **Exhibit D.**

113. Instead, STATTUS paid BENSON only for a portion of her salary. Specifically, STATTUS paid BENSON $16,961.41 in 2018 and $7,976.85 in 2019.

114. STATTUS has failed to compensate BENSON with wages for all hours worked.

115. To date, STATTUS still has total outstanding pay balance of $22,830.44 of BENSON's salary left unpaid.

116. Additionally, STATTUS is required to compensate BENSON at a total gross pay of $8,752.59 in corporate finances.

117. STATTUS's actions as described in this complaint are willful and intentional.

118. By reason of STATTUS's FLSA violations, BENSON is entitled to recover from STATTUS unpaid minimum wages calculated at her regular rate of pay for each week in which an improper deduction was made to her pay, and an additional amount equal as liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## COUNT IV – VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA") FOR UNPAID MINIMUM WAGES UNDER THE FLSA – McAFEE

119. Plaintiff MCAFEE realleges and incorporates the allegations in paragraphs 1, 2 4, 6 through 19 and 47 through 63 above as if fully set forth herein.

120. At all relevant times, STATTUS employed MCAFEE within the meaning of the FLSA.

121. McAFEE's rate(s) of pay was/were preset by STATTUS at a salary of $20,800 per annum.

122. Instead, STATTUS paid McAFEE only for a portion of her salary. Specifically, of the twenty (20) weeks that McAFEE worked, STATTUS only compensated McAFEE for seven (7) of her workweeks.

123. STATTUS has failed to compensate McAFEE with wages for all hours worked.

124. To date, STATTUS still has total outstanding pay balance of $4,700.00 of MCAFEE's salary left unpaid.

125. Additionally, STATTUS is required to compensate McAFEE at a total gross pay of $1,430.00 in corporate finances.

126. STATTUS's actions as described in this complaint are willful and intentional.

127. By reason of STATTUS's FLSA violations, MCAFEE is entitled to recover from STATTUS unpaid minimum wages calculated at her regular rate of pay for each week in which an improper deduction was made to her pay, and an additional amount equal as liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## COUNT V – VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA") FOR UNPAID MINIMUM WAGES UNDER THE FLSA – RAMSEY

128. Plaintiff RAMSEY realleges and incorporates the allegations in paragraphs 1, 2, 5 through 19, and 64 through 93 above as if fully set forth herein.

129. At all relevant times, STATTUS employed RAMSEY within the meaning of the FLSA.

130. RAMSEY's rate(s) of pay was/were preset by STATTUS at a salary of 48,799.92 per annum.

131. Instead, STATTUS paid RAMSEY only for a portion of her salary. Specifically, of the twenty-two (22) weeks that RAMSEY worked, STATTUS only compensated RAMSEY for seven (7) of her workweeks.

132. STATTUS has failed to compensate RAMSEY with wages for all hours worked.

133. To date, STATTUS still has total outstanding pay balance of $14,076.90 of RAMSEY's salary left unpaid.

134. Additionally, STATTUS is required to compensate RAMSEY at a total gross pay of $9,000.00 in corporate finances.

135. STATTUS's actions as described in this complaint are willful and intentional.

136. By reason of STATTUS's FLSA violations, RAMSEY is entitled to recover from STATTUS unpaid minimum wages calculated at her regular rate of pay for each week in which an improper deduction was made to her pay, and an additional amount equal as liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## COUNT VI – BREACH OF CONTRACT – BENSON

137. Plaintiff BENSON realleges and incorporates the allegations in paragraphs 1 through 3 and 6 through 46 above as if fully set forth herein.

138. On or about November 30, 2017, BENSON received her Offer of Employment from STATTUS. *Attached as Exhibit D.* Through this Offer of Employment, STATTUS agreed to compensate BENSON at a salary of $36,000 per annum.

139. BENSON has performed all conditions precedent to be performed by her under the agreement.

140. In fact, BENSON exceeded all conditions precedent to be performed by her under the agreement, working a total of 2,471.02 hours more than her scheduled hours.

141. STATTUS has failed to pay a balance of $22,830.44 of the agreed upon salary.

142. BENSON has been damaged by STATTUS's breach of its Offer of Employment. Specifically, BENSON has had to retain the services of the undersigned attorney to pursue this action for breach of contract.

## COUNT VII – BREACH OF CONTRACT – McAFEE

143. Plaintiff McAFEE realleges and incorporates the allegations in paragraphs 1, 2, 4, 6 through 19, and 47 through 63 above as if fully set forth herein.

144. On or about August 17, 2017, McAFEE began working for STATTUS.

145. STATTUS and McAFEE reached an agreement as McAFEE's rate of pay and expectations for her employment. Specifically, McAFEE's rate(s) of pay was/were preset by STATTUS at a salary of $20,800.

146. McAFEE has performed all conditions precedent to be performed by her under this agreement.

147. STATTUS has failed to pay a balance of $4,700.00 of the agreed upon salary.

148. McAFEE has been damaged by STATTUS's breach of its Offer of Employment. Specifically, McAFEE has had to retain the services of the undersigned attorney to pursue this action for breach of contract.

### COUNT VIII – BREACH OF CONTRACT – RAMSEY

149. Plaintiff RAMSEY realleges and incorporates the allegations in paragraphs 1, 2, 5-19 and 64 through 93 above as if fully set forth herein.

150. On or about August 2, 2017, RAMSEY began working for STATTUS.

151. STATTUS and RAMSEY reached an agreement as RAMSEY's rate of pay and expectations for her employment. Specifically, RAMSEY's rate(s) of pay was/were preset by STATTUS at a salary of $48,799.92 per annum.

152. RAMSEY has performed all conditions precedent to be performed by her under this agreement.

153. In fact, RAMSEY exceeded all conditions precedent to be performed by her under the agreement, working an additional twenty (20) hours more than her scheduled hours each week.

154. STATTUS has failed to pay a balance of $14,076.90 of the agreed upon salary.

155. RAMSEY has been damaged by STATTUS's breach of its Offer of Employment. Specifically, RAMSEY has had to retain the services of the undersigned attorney to pursue this action for breach of contract.

### PRAYER FOR RELIEF – BENSON

WHEREFORE, Plaintiff, LISA BENSON, demands judgment against Defendant, STATTUS TECHNOLOGY, INC., and requests the following relief:

1. That this Court declares that Defendant has failed to comply with its agreement with Plaintiff LISA BENSON and its Offer of Employment;

2. That this Court enter an Order requiring Defendant to compensate Plaintiff, LISA BENSON, for the portion of her salary that remains unpaid, and unpaid overtime wages, or $87,029.92.

3. That this Court enter an Order requiring Defendant to compensate Plaintiff, LISA BENSON, for liquidated damages, or an additional $87,029.92.

4. That this Court award reasonable attorney's fees, all costs (including, but not limited to the court costs and expert fees) and other expenses of suit to the Plaintiff, LISA BENSON.

5. That this Court award such other and further relief as it may deem necessary, just and proper.

**PRAYER FOR RELIEF – McAFEE**

WHEREFORE, Plaintiff, MARILYN McAFEE, demands judgment against Defendant, STATTUS TECHNOLOGY, INC., and requests the following relief:

1. That this Court declares that Defendant has failed to comply with its agreement with Plaintiff, MARILYN McAFEE;

2. That this Court enter an Order requiring Defendant to compensate Plaintiff, MARILYN McAFEE, for the portion of her salary that remains unpaid and unpaid corporate finances, or $6,130.00.

3. That this Court enter an Order requiring Defendant to compensate Plaintiff, MARILYN McAFEE, for liquidated damages, or an additional $6,130.00.

4. That this Court award reasonable attorney's fees, all costs (including, but not limited to the court costs and expert fees) and other expenses of suit to the Plaintiff, MARILYN McAFEE.

5. That this Court award such other and further relief as it may deem necessary, just and proper.

## PRAYER FOR RELIEF – RAMSEY

WHEREFORE, Plaintiff, JENNIFER RAMSEY, demands judgment against Defendant, STATTUS TECHNOLOGY, INC., and requests the following relief:

1. That this Court declares that Defendant has failed to comply with its agreement with Plaintiff, JENNIFER RAMSEY;

2. That this Court enter an Order requiring Defendant to compensate Plaintiff, JENNIFER RAMSEY, for the portion of her salary that remains unpaid, unpaid overtime wages, and unpaid corporate finances, or $33,654.58.

3. That this Court enter an Order requiring Defendant to compensate Plaintiff, JENNIFER RAMSEY, for liquidated damages, or an additional $33,654.58.

4. That this Court award reasonable attorney's fees, all costs (including, but not limited to the court costs and expert fees) and other expenses of suit to the Plaintiff, JENNIFER RAMSEY.

5. That this Court award such other and further relief as it may deem necessary, just and proper.

## **JURY TRIAL DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

Dated June 14, 2019.

                Respectfully submitted,

                **The Law Office of Gregory S. Sconzo, P.A.**
                5080 PGA Boulevard, Suite 213
                Palm Beach Gardens, FL 33408
                Telephone: (561) 729-0940
                Facsimile: (561) 491-9459

                By: **/s/ Gregory S. Sconzo**
                GREGORY S. SCONZO, ESQUIRE
                Florida Bar No.: 0105553
                **Service Email:** sconzolaw@gmail.com
                **Primary Email:** greg@sconzolawoffice.com